# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEAL SPERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>P. MENDOZA, et al.,<br><br>  Defendants.<br>_____ / | CASE NO. 1:10-cv–01650-BAM PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

## II.   Screening Requirement

Plaintiff Mickeal Sperry is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed September 13, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

**II.    Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and the incidents in the complaint occurred while he was housed at Pleasant Valley State Prison. Plaintiff alleges that he gave Defendant Mendoza a trust withdrawal form for postage to mail his television home. On December 10, 2009, Plaintiff received a notice that his television had been disposed of. Plaintiff did not violate any rules, he was just attempting to mail his television home.

Defendants Huckabay, Noel, and Harton violated Plaintiff's right to file a complaint against a police officer by not processing his appeal. Plaintiff seeks injunctive relief requiring Defendants to provide him with a similar item and that the Attorney General represent Plaintiff in an infraction for embezzlement.

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was disposed of when he attempted to have it mailed home. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim for the disposal of his television set.

Further Plaintiff does not have a constitutionally protected right to a grievance procedure or to the processing of his grievances. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff has failed to state a cognizable claim as the failure to process an inmates grievance, "without more, is not actionable under section 1983." Buckley, 997 F.2d at 495. Under certain circumstances not presented here, the wrongful rejection of an appeal that leads to the dismissal of qualifying litigation might give rise to a claim for denial

of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-55 (1996). The right to access the court is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. This does not include the right to pursue criminal charges against Defendant Mendoza for embezzlement.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim for relief under section 1983. Because the deficiencies identified are not amenable to being cured by amendment, leave to amend shall not be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

Dated:     **November 23, 2011**          /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE